| LAUNDERS, J.,
concurs in the result.
Based upon the remarks made by the trial judge when ruling on this matter from the bench, I believe that an award in excess of $28,172.50 was intended. The judge proclaimed:
I understand that. So when you take this to Lake Charles, understand the Court’s reasoning. But this woman has suffered excessive damages. There are two separate legal entities here that were both liable under the circumstances. I will not punish you by giving you the excess of your carriage, but I will deny you credit. Because this woman was damaged beyond the amount of — that she should be able to recuperate for the damages, inconvenience and losses that she has suffered.
So, this Court, at this time, will grant her the policy limits of Safeway, which is Ten Thousand Dollars. And this Court will further add that even — even there, that is not adequate. And that’s why I wanted to be sure that when I put my *668 pen to it,' that T wouldn’t just be whistling Dixie, and giving her something she cannot have, [emphasis added].
The above quoted language evidences the trial judge’s belief that Plaintiff suffered damages in excess of $28,172.50. I believe that the trial judge effectively gave the credit of $18,172.50 and also awarded the $10,000.00 limit of the Safeway. I do not find this award to be manifestly erroneous. Because I believe the trial judge awarded the maximum amount of damages available under the relevant policies, I do not feel that a remand is necessary, I do, however, concur in the result in the interest of judicial economy and in full confidence that the parties’ will not be prejudiced by a remand.